OTTO SCHUTTE v. CALIFORNIA B. & L. ASS'N.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 27, 1891—Decided January 4, 1892.

When, by the by-laws of a building association, it is made the duty of the secretary to give security and to receive and account for weekly dues, and there is nothing in the constitution or by-laws requiring payments

Statement of Facts.

to be made at stated meetings, payment to the secretary outside thereof is not a mispayment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 17 October Term 1891, Sup. Ct.; court below, No. 257 October Term 1890, C. P. No. 2.

On October 16, 1890, a case stated was filed, wherein Otto Schutte was plaintiff, and the California Premium B. & L. Ass'n was defendant, setting forth, to wit:

That the defendant was a building and loan association, incorporated under the act of April. 29, 1874, P. L. 73; that Otto Schutte was admitted a member thereof on August 29, 1889, and became the owner of twenty shares therein; that, until April 30, 1890, the plaintiff paid the weekly dues of five dollars on his stock regularly, but outside the stated meetings, to John Wurdack, the duly elected and qualified secretary of the defendant, except during the sickness of the secretary, when the payments were made to L. Lattner, president, or to V. Weidner, a director of defendant; that the payments made to Lattner, Weidner and Wurdack were paid over to the defendant at its stated meetings, except those paid to Wurdack for the last thirteen weeks, amounting to sixty-five dollars, which sum was embezzled by Wurdack, and plaintiff was fined for non-payment thereof, in all thirteen dollars, and said Wurdack had absconded; that in May, 1890, plaintiff gave notice of withdrawal, at which time the plaintiff had paid, in all (including the sixty-five dollars above mentioned) the sum of four hundred and forty dollars, and his share of the profits was forty-five dollars, sixty cents, making four hundred and eighty-five dollars, sixty cents; that the defendant paid to plaintiff four hundred seven dollars, sixty cents, and plaintiff claimed the balance, to wit, seventy-eight dollars. If the court should be of the opinion, etc., then, etc.

Attached to the case stated were the following

EXTRACTS FROM CONSTITUTION AND BY-LAWS:

Article III., §1, of the constitution:

" At the commencement of this association twenty-five cents a share must be paid as an initiation fee, and at every meeting thereafter, twenty-five cents a share as weekly dues."

Arguments.

Article I. of the by-laws:

" This association shall meet every Wednesday evening, at such place as the members may from time to time determine; and from October to April the meetings shall begin at 7.30 o'clock, and from April until October at 8 o'clock, P. M.

Article IV. of the by-laws:

" It shall be the duty of the secretary to take correct notice [notes ?] of the proceedings of the association and the board of directors, and enter them in a minute book; he shall enter all moneys paid to the association in a book kept for that purpose; he shall keep a correct account between the association and its members; he shall issue and sign all warrants directed by the association, and attend to all advertising in the public papers. At the expiration of his term of office, he shall deliver all books and papers of the association to his successor within three days. He shall always be prepared to give the members any information regarding the financial affairs of the association, and every three months he shall submit a report of the financial standing of the association. For the faithful performance of his duties, he shall receive such compensation as may be determined by the association from time to time, payable as the board may direct. He must own at least four shares, and assign the same to the association as security for the faithful performance of his duties."

Article VI. of the by-laws:

" The directors, together with the president, vice-president, secretary and treasurer, shall constitute a board of administration, to be called the Board of Directors. Their duties shall be to place all loans, attend to the secure disposal of the same, and to regulate the financial affairs in general. Two of the eight directors shall alternately assist the secretary at each meeting, in receiving the money and receipting therefor, and they are obliged to be present during such stated evenings, until all authorized warrants are drawn up." . . . . .

After argument, the court, EWING, P. J., directed judgment to be entered for the plaintiff for $78; exception. Thereupon, the defendant took this appeal, assigning the order entering judgment for the plaintiff, for error.

*Mr. A. E. Weger,* for the appellant.

Opinion of the Court.

Counsel cited: (1) Hays v. Lynn, 7 W. 524; Johnston v. B. & L. Ass'n, 104 Pa. 394; Central Teleph. Co. v. Thompson, 112 Pa. 118. (2) Morrow v. James, 4 Mack. (D. C.) 59; Kaye v. Brett, 5 Exch. 274; Whart. on Agency, § 129; Bullard v. Randall, 1 Gray 605; Manhattan Co. v. Lydig, 4 Johns. 377; Thatcher v. Bank, 5 Sandf. 121.

*Mr. E. J. Smail*, for the appellee.

Counsel cited: Kilpatrick v. B. & L. Ass'n, 119 Pa. 35; Beethoven B. Ass'n v. Weber, 3 Cent. R. 916; Endlich on Building Ass'ns, 262; Bank of Auburn v. Putnam, 3 Key 343.

PER CURIAM:

The case stated admits that the plaintiff paid his dues to the secretary of the defendant association, but the latter contends that it was a mispayment, because not paid at the regular stated meetings, but at the secretary's place of business. Article IV. of the by-laws requires the secretary to give security for the faithful performance of his duties, and this attempt of the association, to throw the loss occasioned by its absconding secretary upon individual members who have paid their dues in good faith, is not creditable to any one concerned.

Article III., § 1, of the constitution, provides : " At the commencement of this association, twenty-five cents a share must be paid as an initiation fee, and at every meeting thereafter, twenty-five cents a share as weekly dues; " and by article IV. of the by-laws it is made the duty of the secretary to receive and account for the money of the association. There is nothing in either constitution or by-laws which limits payments to the time of the meetings. The language quoted from the constitution merely fixes the amount of the dues, and when payable. If paid before the meeting to the secretary, or after the meeting and accepted by him, it is a good payment. There is no provision that the secretary shall receive moneys only at a regular meeting and in the presence of the members. Aside from this, the case stated shows that the association and its officers did not interpret their by-laws to limit payments to the actual time and place of meeting.

Judgment affirmed.