# Katherine Strong v. The Ten Cent Tutor Building and Loan Association, Appellant.

*Beneficial association—Treasurer—Payment to treasurer—Debt.*

Where a check is made to the order of a beneficial association and given
to its treasurer, who indorses it, and who is the proper person to make
such indorsement, the check is an actual and legitimate payment to the
association, although its proceeds may be embezzled by the treasurer.

Argued Nov. 7, 1898. Appeal, No. 134, Oct. T., 1898, by
defendant, from judgment of C. P. No. 2, Allegheny County,
April T., 1897, No. 600, on verdict for plaintiff. Before GREEN,
McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover money loaned.

At the trial it appeared that plaintiff had twenty shares of
stock in defendant company, a corporation, that they had been
subscribed April 18, 1896 ; that she had paid weekly dues, at
different times, to the amount of $64.02, and was entitled to
dividends of $1.28, making $65.30, which she was entitled to,
as admitted in the affidavit of defense.  On June 19, 1896, she
gave a check to the treasurer of the defendant company, pay-
able to the order of the company, for $1,000, in advance pay-
ment of dues.  The treasurer indorsed the check in the name
of the company, and got the money from the bank, but never
paid it over or accounted for it.  He became a defaulter, and
left the county.

The contention on the part of defendant was that the treasurer had no right to receive dues; that under the by-laws no dues could be paid except at a regular weekly meeting of the directors, when the secretary would receive the money, give the proper credits, and hand it over to the treasurer; that the check for the $1,000 was given to the treasurer by the plaintiff at her residence, and the defendant company never got the money. The treasurer embezzled it.

The court charged in part as follows:

If, gentlemen, you find from the evidence that this check for $1,000 was given by the plaintiff for the purpose of advance payments on her stock, if you also find the fact that at the time she gave the treasurer that check she did not have, or had not previously, a copy of the by-laws, and did not know the by-law on this subject, then she can recover both accounts—both the $75.07, which is admitted, and also the $1,000, with the interest on it, which would be $89.35, making a total claim of $1,164.42.

If you find for the plaintiff, you will find subject to the question of law reserved, to wit: whether under the by-laws and the evidence, as stated by me in this charge, the plaintiff can recover $1,000, with the interest on it, $1,089.35. If not, then judgment will be given in favor of the plaintiff for $75.07. If the court should be of the opinion that she is entitled to recover this also, then the judgment will be for $1,164.42.

Verdict for plaintiff for $1,164.42.

The court, in an opinion by WHITE, P. J., entered judgment for plaintiff on the verdict. Defendant appealed.

*Error assigned* was entry of judgment on the verdict.

*C. S. Fetterman*, with him *J. D. Buckley*, for appellant.—The secretary of a building and loan association, and associations of like character, is the executive officer thereof, and the officer to whom, and whose duty it is, to collect all dues, fees, fines, etc., and the same to pay over to the treasurer of such organization: Kilpatrick v. Home B. & L. Assn., 119 Pa. 35.

Stockholders of a corporation are bound by its articles of incorporation and its duly and regularly adopted by-laws, and they

are chargeable with knowledge of the same : McFadden v. Los Angeles Co., 74 Cal. 571; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; Brent v. Washington Bank, 10 Peters, 614; Millward-Cliff Cracker Co.'s Assigned Est., 161 Pa. 157; Given v. Rettew, 162 Pa. 638; Bank of Holly Springs v. Pinsin, 58 Miss. 421; Bauer v. Sampson Lodge, Knights of Pythias, 102 Ind. 267; Tuttle v. Walton, 1 Ga. 49.

*V. A. Powell,* for appellee, was not heard.

PER CURIAM, January 3, 1899:

Without stopping to consider the other reasons stated in the opinion of the court below for holding that the defendant was bound by the payment of the $1,000 by the plaintiff, it is enough to know that she gave her check for the amount payable to the order of the defendant company. On that check no money could be obtained without the indorsement of some authorized officer of the association. In point of fact it was indorsed by the treasurer, and as he was the proper person to make such indorsement it cannot for a moment be doubted that the defendant was responsible for his act. The payment was therefore an actual and legitimate payment to the company. As a matter of course the plaintiff could not be held responsible for the defalcation of the treasurer.

Judgment affirmed.