# Louchheim *v.* Richmond Mutual Building and Loan Association (No. 1).

*Building and loan associations—Payment of money to secretary—Affidavit of defense.*

Provisions in the by-laws of a building and loan association that stated monthly meetings of the board of directors shall be held on a day specified " at such hour and such place as the board of directors may designate, for the purpose of receiving from the stockholders the money due the association," and that " the secretary shall attend at all meetings of the board of directors . . . . and shall receive all moneys due the association and pay the same to the treasurer as soon as he has made a record of the same," do not prevent the payment of money at any other time than at the time of the regular meetings, nor is the secretary limited to the receipt of money at such meetings in the office of the association. These provisions give general authority to the secretary to receive moneys, and his receipt of them at any time and place binds the association.

Argued Dec. 12, 1900.   Appeal, No. 228, Oct. T., 1900, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1900, No. 205, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Walter C. Louchheim v. Richmond Mutual Building & Loan Association.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Rule for judgment for want of sufficient affidavit of defense.

From the record it appeared that this was a suit in assumpsit in which the plaintiff claimed that he had purchased five shares of stock of the building association, which had been running for a period of sixty months, on which he had paid $300, and that he continued to pay into the association the sum of $5.00 per month, or $1.00 on each share every month up to May, 1900 ; that at the time he purchased the stock, he had received from the secretary of the defendant association, a receipt or pass book in which the sum of $300 was receipted for, and all subsequent payments which he made were also receipted for ; that according to the by-laws, he was entitled to receive from the association the sum of $421.87, which he had made demand for, and which had been refused.

The affidavit of defense of the association set forth that the defendant association was chartered under the acts of assembly of this commonwealth, and transacted its business under its charter according to the by-laws duly and regularly passed at the time of its incorporation; that under the by-laws, the board of directors had fixed a time and place for the payment of all money by the stockholders; that the secretary was required by the by-laws to attend these meetings and to receive all moneys due the association, and pay the same over to the treasurer as soon as he had made a record of it; that the plaintiff was not a stockholder in the association; that if he had bought any shares of stock purporting to be stock in the association, he bought it from the secretary, who had no authority or power to issue or sell any stock of the association, and that the association never received any pay for it, and that all moneys which plaintiff paid to the secretary of the association, he paid to him, not at the time and place designated by the by-laws for the payment of money, but he paid it to the secretary personally at the plaintiff's own office or elsewhere, and at such times as suited his convenience, and that no portion of it was ever received by the defendant association; that the plaintiff was not a stockholder of the association; that there was no stock standing in his name, and that they did not owe him anything whatever upon account of any stock; that the plaintiff never held any certificate of stock, and that the entry in the pass-book was unlawfully and illegally made by the secretary, who embezzled the money to his own use.

A supplemental affidavit of defense alleged that under the provisions of the by-laws the defendant association held regular stated monthly meetings for the purpose of receiving money from the stockholders, on the second Monday of each month, at the hall, corner Richmond and Neff streets; that there was no authority to pay money at any other time or place than the time and place fixed by the board of directors; that the secretary was never authorized to receive any money on account of the association at any other time or place than that designated in the by-laws; that said secretary had no authority whatever to receive any money on account of the association at any time or place except at the meeting night duly prescribed by the association.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*E. O. Michener*, for appellant.

*Samuel K. Louchheim*, with him *John G. Johnson*, for appellee, cited: Schutte v. California Premium Bldg. & Loan Assn., 146 Pa. 324; Cunningham v. Mutual Bldg. & Loan Assn. of Altoona, 6 Pa. Dist. Rep. 99.

OPINION BY BEAVER, J., January 22, 1901:

The plaintiff's statement sets forth a claim for $421.87, with interest from July 9, 1900, the withdrawal value of five shares of the capital stock of the defendant association which had been purchased from and purchase money paid to Benjamin F. Houseman, defendant's secretary, by the plaintiff, the withdrawal value of the shares being fixed by the provisions of the by-laws of the defendant association fully set out in the statement. The defendant admits that B. F. Houseman was its secretary at the time the money was paid; avers further "that the said association does not sell stock in the manner stated in the plaintiff's statement but only sells stock in the current series, and never sells any stock which is more than six months old." It further avers that, under the provisions of the by-laws of the association, the payment to the secretary having been made, as the affidavit alleges, at a time other than at a meeting of the board of directors and at a place other than the office of the association, was not a good payment to the association and that it is, therefore, not liable. It will be observed that the affidavit does not aver that the sale was not made at the time, as alleged by the plaintiff, nor that the said sale was not good at that time. The allegation of the defendant as to sales is in the present tense, and does not cover the sale alleged in the defendant's statement.

The clauses of the by-laws under which the defendant seeks to avoid the liability of the secretary are these: Paragraph 2 of section 6: "Stated monthly meetings of the board of directors shall be held on the second Monday of each month, at

such hour and such place as the board of directors may designate, for the purpose of receiving from the stockholders the money due the association." Paragraph 6, section 5, provides: " The secretary shall attend at all meetings of the board of directors . . . . and shall keep full minutes of the proceedings. He shall receive all moneys due the association and pay the same to the treasurer as soon as he has made a record of the same." Clearly these paragraphs do not prevent the payment of money at any other time than at the time of the regular meetings, nor does the latter limit the secretary to the receipt of money at such meetings in the office of the association. It gives general authority to the secretary to receive, and the receipt by him at any time and place undoubtedly bound the company. This is the plain interpretation of these sections, and there is nothing in the affidavit which alleges a custom known to the plaintiff which would limit the authority of the secretary as claimed.

If authority were needed for this conclusion it may be found in Schutte v. California Premium B. & L. Assn., 146 Pa. 324, where, under somewhat similar by-laws, it was said: " There is nothing in either constitution or by-laws which limits payments to the time of the meetings. The language quoted from the constitution merely fixes the amount of the dues and when payable. If paid before the meeting to the secretary, or after the meeting and accepted by him, it is a good payment. There is no provision that the secretary shall receive moneys only at a regular meeting in the presence of the members." The court below was clearly right in entering judgment for want of a sufficient affidavit of defense.

Judgment affirmed.