# Louchheim, Appellant, v. Somerset Building & Loan Association.

*Building and loan associations—Corporations—Officer—By-laws—Notice—Payment of dues to secretary—Estoppel—Waiver.*

Where a corporation, such as a building and loan association, designates an officer or a committee as its agent, to receive moneys due it, and this is known to those who intend to pay, or if they have the means of knowledge, then a payment to another officer or committee is only a payment to the corporation if it actually receives the money. Notwithstanding this, the corporation may by its conduct depart from its appointed method and set up a different one, which under certain circumstances will be binding upon it.

The authority of an officer of a corporation as its agent, although distinctly designated by the corporation, may be ascertained to be different, from circumstances covering a period of time long enough to manifest a course of dealing, provided such circumstances are known also to, and acquiesced in, by the board of directors and if the course of dealing is one the board had power to authorize.

The by-laws of a building and loan association provided that payments of dues should be made at a meeting of the association to a financial committee consisting of three directors. During a period of ten years a father of a member, or the member himself, paid dues to the secretary at the father's place of business, where the secretary called to receive them. The secretary was not a member nor a director of the financial committee. He had, however, the custody of the pass books of the association and delivered them to the members respectively, either at their homes or places of business. He receipted in the pass book for the moneys received by him and turned some of the payments over to the association and embezzled others. The directors did not know of the actual embezzlement of the money by the secretary, but they did know of his methods of transacting the business, and that he had kept this up for a long course of years. The secretary falsified the books of the association, particularly a book called the "roll book" in which was kept the account of members' monthly dues. It did not appear that any of the books had been examined by the directors. *Held,* that the association had waived the requirements of the

by-laws as to payments of dues to the financial committee, and that it was chargeable with payments made by the member to the secretary.

FELL and POTTER, JJ., dissent.

Argued Jan. 16, 1905. Appeal, No. 314, Jan. T., 1904, by plaintiff, from judgment of Superior Court, Oct. T., 1903, No. 49, affirming judgment of C. P., No. 1, Phila. Co., Dec. T., 1900, No. 440, sustaining exceptions to report of referee in case of Walter C. Louchheim v. Somerset Building and Loan Association. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court and by the report of the case in 25 Pa. Superior Ct. 325.

*Error assigned* was the judgment of the Superior Court.

*Samuel K. Louchheim*, with him *V. Gilpin Robinson* and *S. Davis Page*, for appellant.—If the plaintiff made his payments of dues to an officer authorized to receive them, the fact that those payments were received by that officer outside of the place of meeting, and retained by him, is no defense to his claim: Schutte v. Bldg. & Loan Association, 146 Pa. 324; Louchheim v. Richmond Mutual B. & L. Assn., 16 Pa. Superior Ct., 33.

The defendant is estopped from denying the validity of the payments to the secretary: Jones v. Nat. Bldg. Assn., 94 Pa. 215; Mohrfeld v. Bldg. Assn., 194 Pa. 488; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157.

*Frank P. Prichard* and *Horace Haverstick*, for appellee.— The by-laws of a corporation when enacted become a part of its charter, and all persons, whether members or strangers and a fortiori members, are bound at their own risk to take notice of them and of the powers and duties, as defined by the by-laws, of those officers of the corporation with whom they deal: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Wayne Title, etc., Co. v. Ry. Co., 191 Pa. 90; Worthington v. Ry. Co., 195 Pa. 211.

A course of dealing cannot abrogate the by-laws: Millward-

Cliff Cracker Co.'s Est., 161 Pa. 157; Delaware Ins. Co. v. White Dental Mfg. Co., 109 Fed. Repr. 334.

OPINION BY MR. JUSTICE DEAN, April 17, 1905:

This case is an action of assumpsit in the court below, by plaintiff against defendant, to recover the withdrawal value of nine shares of stock in the association, on which he alleged he had paid the dues required to be paid by the by-laws of the association. The defendant in its affidavit of defense, denied that he had paid the dues so required to be paid. The issue by agreement of the parties was referred to E. Hunn Hanson, Esq., to find the facts and state the law applicable thereto. On the facts found by him, from the evidence, he awarded to plaintiff, after several corrections of the amount at the instance of the parties, the sum of $1,102.30 as of July 12, 1902. To this report exceptions were filed by both parties in the court below. The learned judge of the court of common pleas sustained the nineteenth exception filed by defendant, to wit: that the referee should have decided that defendant owed nothing to plaintiff, set aside the report and entered judgment for defendant. From this judgment plaintiff appealed to the Superior Court, which court affirmed the judgment entered by the common pleas.

There was much said and well said on both sides of the question involved as well by the referee as by the two lower courts. We take from the report of the referee these facts: The sixth section of article II of the by-laws of the association says : "At the regular meeting of the Board of Directors in March and September, the President shall appoint three Directors as a Financial Committee to serve the ensuing six months, who shall receive the monthly payment of dues, interest and fines at the monthly meeting, pay the same to the Treasurer and take his receipt for the same."

On October 20, 1890, H. S. Louchheim, the father and trustee of the plaintiff, then in his minority, paid B. F. Houseman, the secretary of the association, for nine shares of its stock, the sum of $18.50, and received from him a deposit book with his receipt for this sum. The book was blank at the space left for the designation of the series. The then current series was the twenty-eighth, and the plaintiff, either by

his father or by himself, after attaining his majority, paid from October 20, 1890, the monthly dues upon these nine shares up to and including the payment of May 21, 1900. Excepting the last, the payments were all made to Houseman, when and as he each month called for them at the store of H. S. Louchheim on Market street, which was not the place of meeting of the association. Excepting the last payment, all were receipted for in the deposit book by Houseman. Neither the plaintiff nor his trustee ever attended a meeting of the association; neither did he read the by-laws, or know what they enjoined.

Of the dues amounting to $1,053 so paid, Houseman paid to the association no more than $415.50, and he caused it to appear in the roll book that the first subscription on account of the plaintiff was in April, 1894, when the thirty-fifth series was current.

Stockholders were entitled to a certificate of stock by virtue of the sixth section of article I of the by-laws; to most of the stockholders certificates were not issued, they were so issued generally when a stockholder transferred his shares, and when the stockholder obtained a loan from the association; no certificate was issued to the plaintiff.

It will be noticed that Houseman was only the secretary; he was not a director nor a member of the financial committee. Of the money paid to him by plaintiff he embezzled a large part and then on May 10, 1900, when the association was about discovering his crime, killed himself. The father, the present trustee, had previously subscribed for stock for his sons in the same association and had paid the subscription price and monthly dues for the same for about ten years, and then at the expiration of the series received the withdrawal value of the shares for his sons. The payments for these shares, another series, ran over a period of ten years. The payments were all made for this stock to Houseman who called each month at the father's store on Market street for the money and gave a receipt as secretary for it. The trustee never attended any of the monthly meetings. The defendant avers, that Houseman was not a person to whom the monthly dues of the association could be legally paid and therefore such payment must be treated as no payment to the association.

Undisputedly, the secretary was not the officer designated by the by-laws to receive subscriptions for stock and the monthly dues, and if the answerability of defendant depended on that fact alone, the affidavit of defense would effectually answer plaintiff's claim; but the law is not so narrow in its interpretation as to be conclusive against plaintiff on a mere reading of the by-law.    The learned referee correctly states the law as follows:

" Where a corporation designates an officer or a committee as its agent to receive moneys due it, and this is known to those who intend to pay, or if they have the means of knowledge, then a payment to another officer or committee is only a payment to the corporation if it actually receives the money.  Notwithstanding this, the corporation may by its conduct depart from its appointed method and set up a different one, which under certain circumstances will be binding upon it.    The legal principle is this:

" The authority of an officer of a corporation as its agent although distinctly designated by the corporation, may be ascertained to be different, from circumstances covering a period of time long enough to manifest a course of dealing, provided such circumstances are known also to and acquiesced in by the board of directors, and if the course of dealing is one the board had power to authorize: Hoyt v. Thompson, 18 N. Y. 207–218; Martin v. Webb, 110 U. S. 7; * Kraft v. Freeman Printing, etc., Association, 87 N. Y. 628."

The referee properly says the burden was upon appellant to prove such circumstances, covering a long period of time, known to and sanctioned by the board of directors, which justifies appellant in assuming that another than the financial committee had authority to receive the monthly dues and he says the circumstances were these, which were neither questioned nor denied:

" For a period of ten years without interruption the plaintiff's trustee had paid to Houseman, the secretary, monthly dues regularly upon stock for which he had subscribed and at the place of business of the trustee which was disconnected from and in a different part of the city from that of the meetings of the association.    A period of this number of years was long

---

* Also reported 3 Sup. Ct. Repr. 428.    Reporter.

enough to manifest the course of dealing by which the payments intended for the association were made in a way different from that required under the by-laws and to a different depository."

He then says further: "The fact that during the ten years Houseman was secretary of the association and in that relation its express agent, in the absence of evidence to such end any presumption that he was the agent of Louchheim is inadmissible.

"The board of directors from the nature of their office had it in their power to require Houseman, the secretary, to collect from stockholders their dues as Houseman collected from H. S. Louchheim; and the board could acquiesce in and ratify that which they had the power to require or permit."

From these findings of fact and conclusions of law the referee awards in favor of plaintiff the amount of his claim. While the findings of fact, probably, include every material fact on which the award is based, the statement of them is perhaps too meager to present the full significance of the conduct of the secretary and directors tending to show that plaintiff was fully warranted in believing that Houseman had full authority from the association to receive the payments. Houseman was the secretary and had held that office for many years. He had custody of the pass books of the association and delivered them to the members respectively either at their homes or places of business; in these were entered the original subscription and monthly payments by each member. He delivered to plaintiff his book in which for ten years was entered his monthly payments. These were made by check to order of Houseman, in which it was probably specified the payment was for the association, and whenever he paid, the secretary signed his name in the pass book. Many of these payments were turned over to the association; some of them were not turned over; for some the secretary gave his individual duebills to the association and as to others he so falsified the books as to conceal the misappropriation. While the directors did not know of the actual embezzlement of the money by the secretary, they did know of his methods of transacting the business and that he had kept this up for a long course of years; yet there was not a word of disapproval to the secretary

or to any one of the members. It seems to us, that if a long course of dealing, month by month running through many years, was as to third parties a recognition of and the ratification of the authority of an agent by his principal, there was such recognition and ratification in these facts. Assume that the secretary might have embezzled a single payment and have concealed the fact from the directors without imputing culpability to the association, yet it was the secretary's duty by the by-laws of the association to keep all the accounts and books, among these what is called the "roll book"; in this book was kept the account of the plaintiff's monthly dues, yet the secretary persistently falsified this account, so as to conceal the real condition of it from the plaintiff as well as the directors for years. Admit, which we do not admit, that the payment was a mispayment, still if the secretary had kept the roll book with some approach to honesty, necessarily, the plaintiff would at latest, after one month's default have received notice. Whose duty was it to scrutinize the books and detect the wrongdoing of the officer? Surely that of the directors, the by-laws impose no such duty on the member. So, that in no view of the circumstances can this defendant escape liability for the money lost by the misconduct of its trusted officer.

Both of the courts below have concurred in setting aside the report of the referee and principally on the same ground, that is, that the financial committee by the by-laws had the sole power to receive the money and that when plaintiff paid to the secretary without express authority from the board of directors he constituted the secretary his agent to carry the money to the association. We are of opinion that in so ruling on these facts both courts erred. All the undisputed facts and circumstances significantly negative an agency for the plaintiff and point without doubt to an agency for defendant in receiving the money for the association. While the facts are not precisely the same as in Mohrfeld v. Building Association, 194 Pa. 488, the same principle is applicable. There is no distinction in the facts which would warrant a variation in the ruling principle. In that case the judgment, in an opinion by Chief Justice GREEN, was affirmed, although it was shown that the money had been paid by the plaintiff to the secretary, who defaulted, instead of to the treasurer as provided by the by-laws, and this

on the sole ground that a long course of dealing warranted the plaintiff in believing that, notwithstanding the by-laws, the secretary had authority to receive the money.

As before intimated, we do not think a single transaction between plaintiff and the association would have warranted him in paying to the secretary, but when the proof showed that for almost twenty years he had made such payments in that way and that at the end of the first ten years the board of directors had recognized the authority of the secretary to receive the money by paying to the plaintiff the withdrawal value of his stock, and then for the next ten years recognized as regular and lawful its secretary's method of collecting dues month after month, it would now be gross injustice to permit defendant to successfully set up want of express authority in the by-laws.

The three cases cited by the learned referee, Hoyt v. Thompson, 19 N. Y. 207, Martin v. Webb, 110 U. S. 7, Kraft v. Freeman Printing etc., Association, 87 N. Y. 628, are directly in line with our own case, Mohrfeld v. Bldg. Association, 194 Pa. 488. They all establish the rule, without variation, that where the company or association, either orally, or by express instructions, waives the exactions of their by-laws, the member of the association cannot be held to have made a mispayment if not made to the officer named in the by-laws, and it may be said of the facts in this case as was said in Schutte v. California B. & L. Association, 146 Pa. 324, " The attempt to throw the loss occasioned by the fault of the secretary upon individual members, who have paid their dues in good faith, is not creditable to any one concerned." There is no case cited by the appellee nor by either of the lower courts where facts similar to these have been held to constitute a mispayment.

The judgments of the Superior and common pleas courts are reversed and it is directed that judgment be entered for plaintiff in the court of common pleas for the amount awarded by the referee.

FELL and POTTER, JJ., dissent.