## Barlette *v.* Red Star Building & Loan Assn., Appellant.

*Building and loan associations—Payment of dues to secretary—Estoppel—Waiver.*

In an action by a stockholder of a building and loan association to recover the withdrawal value of stock where the defendant claims a set-off for loans made to the plaintiff, and the plaintiff claims that the loans had been repaid, a verdict and judgment for plaintiff will be sustained where the evidence tends to show that the plaintiff was the confidential clerk of the secretary of the defendant association; that the secretary constantly kept in his possession some fifty or seventy-five of the individual pass books of stockholders; that they were accustomed to pay their dues and fines to him without being required to be in personal attendance at the meetings of the directors as provided by the by-laws; that these small sums of money were by him mingled with his own funds and deposited in his bank account; that when the board would meet, his check would be drawn for the aggregate of all these sums, and turned over to the board; that when the board was in session in the private office of the secretary, some one of the directors would go to the outside office in charge of plaintiff and inquire what moneys, if any, had been collected by the secretary; that in some instances where no check had been prepared in advance for the aggregate of these collections, she would draw such check, as she had a power of attorney from her employer authorizing her so to do; that this course of dealing was maintained for a very con-

siderable period of time; and that she had paid her own dues at the office of the secretary in the manner specified.

The authority of an officer of a corporation as its agent, although distinctly designated by the corporation, may be ascertained to be different, from circumstances covering a period of time long enough to manifest a course of dealing, provided such circumstances are known also to, and acquiesced in, by the board of directors and if the course of dealing is one the board had power to authorize.

Argued Dec. 14, 1915. Appeal, No. 334, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1914, No. 285, on verdict for plaintiff in case of M. Elizabeth Barlette v. Red Star Building & Loan Association. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ, Affirmed.

Assumpsit to recover withdrawal values of shares of stock of a building and loan association. Before DOUGHERTY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $802.50. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*Thomas Bluett,* for appellant.—The payment of dues and amounts on account of stock loans by a stockholder of a building and loan association to the secretary, at other than the regular time and place of directors' meeting, constitutes the secretary the stockholders' own agent for the purpose of conveying the money to the association: B. & L. Association v. Steinmetz, 22 Mont. Co. 110; 20 York 43; B. & L. Assn. v. Johnson, 7 Dist. Rep. 728.

If the constitution or by-laws require payment of dues at regular stated meetings, the association is not bound by payments made at other times to the secretary and embezzled by him: Killian v. Building & Loan Assn., 21 Pa. C. C. R. 58.

*Robert Mair,* with him *Wayne P. Rambo* and *Ormond Rambo,* for appellee.—These facts bring this case directly within the ruling of Louchheim v. Somerset Building and Loan Association, 211 Pa. 499.

OPINION BY HEAD, J., October 9, 1916:

The facts in this case, as they have been established by the verdict, are so strikingly similar to those in Louchheim v. Somerset Building & Loan Assn., 211 Pa. 499, we search in vain for any such substantial difference between the two cases as would permit this appellant to escape the controlling authority of the decision referred to. The operative legal principle established in that case is thus well stated in the second paragraph of the syllabus: "The authority of an officer of a corporation as its agent, although distinctly designated by the corporation, may be ascertained to be different, from circumstances covering a period of time long enough to manifest a course of dealing, provided such circumstances are known also to, and acquiesced in, by the board of directors and if the course of dealing is one the board had power to authorize."

In the case at bar, as in the one cited, a provision of the by-laws specified the manner in which the payments of fines, dues, &c., were to be made by the stockholders. Here the direction was that such payments should be made to the board of directors at their regular stated meetings. There such payments were to be made to a finance committee consisting of three members of the board. In both cases they were in fact made to the secretary who, during a considerable period of time, turned them over to the board or its treasurer. In the case cited the secretary, to whom the payments were made, was not a member of the finance committee nor even of the board of directors. In the case at bar the secretary, to whom the plaintiff made the payments here in question, was a member of the board and the stated meetings of the corporation were held in his office. The board con-

sisted of thirteen members. Naturally enough some plan would be devised by which the many small sums accruing from dues or fines, owing by the numerous stockholders, could reach the board in a reasonably convenient way.

The plaintiff's testimony, which the jury have determined to be credible, tended to prove that she was the bookkeeper, stenographer and confidential clerk of the secretary. He constantly kept in his possession some fifty or seventy-five of the individual passbooks of the stockholders. They were accustomed to pay their dues and fines to him without being required to be in personal attendance at the meetings of the board. These small sums of money were by him mingled with his own funds and deposited in his bank account. When the board would meet, his check would be drawn for the aggregate of all these sums and turned over to the board. When the board was in session in the private office of its secretary, some one of the directors would go to the outside office in charge of the plaintiff and inquire what moneys, if any, had been collected by the secretary. In some instances, where no check had been prepared in advance for the aggregate of these collections, she would draw such check, she having a power of attorney from her employer authorizing her so to do. This course of dealing was maintained for a very considerable period of time, and of course these facts were sufficient to warrant a finding that the board knew and acquiesced in the manner in which the secretary collected and paid over the moneys of the corporation.

These being the facts established by the verdict, we are unable to see how any just distinction can be drawn that could make inapplicable the case we have already cited. The testimony of the plaintiff and the secretary of the defendant company were radically conflicting and contradictory. The jury, however, in the exercise of their proper function, accepted as true the testimony of

the plaintiff. We can discover no error in the manner of the submission to the jury of these contested questions of fact. The assignments of error are all overruled.

Judgment affirmed.