# Lovenovith, Appellant, v. Knights of Joseph Building & Loan Assn.

*Building and loan association—Security—Payment of money to secretary—By-laws.*

A member of a building and loan association is entitled to have satisfied of record a mortgage which he had given to the association, where it appears that he gave to the secretary a check to the order of the association for the full amount of the principal and interest of the mortgage, and that the secretary endorsed the check with the name of the association and embezzled the proceeds, if it appears that the by-laws authorized the treasurer to "receive from the secretary all money paid into the corporation," and that it was the course of business for the members to pay moneys to the secretary who in turn paid them to the treasurer.

Argued Oct. 3, 1917. Appeal, No. 117, Oct. T., 1917, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1915, No. 2369, on verdict for defendant in case of Adolph Lovenovith and Helen Lovenovith v. Knights of Joseph Building and Loan Association. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Issue to determine whether a mortgage had been paid. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in overruling motion for judgment for plaintiff n. o. v.

*Theodore F. Jenkins,* for appellants.—The secretary of a building and loan association is an officer of the

company and stands in the same relation to the association as the cashier does to a bank: Mohrfeld v. Second German, Etc., Building Assn., 194 Pa. 488.

The secretary being the one to whom the money was to be paid, the giving to him of the check to the order of the association which was paid on his endorsement was the equivalent of giving to him the money and binds the association, though he embezzled the money: Strong v. Ten Cent Tutor Building and Loan Association, 189 Pa. 406; Powell v. Old Hickory Building & Loan Association, 252 Pa. 587; Russell v. Old Hickory Building & Loan Association, 252 Pa. 587; Roth v. Knights of Joseph Building & Loan Association, 66 Pa. Superior Ct. 413, 416; Kilpatrick v. Home B. & L. Assn., 119 Pa. 30, 35; Home B. & L. Assn. v. Kilpatrick, 140 Pa. 405; Schutte v. California Building and Loan Association, 146 Pa. 324.

*W. L. Sheppard,* with him *Porter, Foulkrod & McCullagh,* for appellee, cited: Hartzell v. Ebbvale Mining Co., 239 Pa. 602; Worthington v. Schuylkill, Etc., Ry. Co., 195 Pa. 211.

OPINION BY HENDERSON, J., December 13, 1917:

This appeal arises out of an issue tried by the court below on the petition of the appellants for an order directing the satisfaction of a mortgage held by the appellee. The verdict was for the defendant, in compliance with binding instructions from the court. It is conceded that a check for the amount of the appellants' mortgage was delivered to Keisler and that the check was actually paid to him. The appellee alleges, however, that the money received on the check never came into the possession of the association but was embezzled by its secretary. This defense is not available, however, if the secretary had authority to receive the money. That he did so receive it is shown by the endorsement of the association made by him and his own endorsement and the credit of

the fund to him in the bank where the check was deposited. The appellants contend that his authority to receive the money is shown both by the by-laws of the association and by the custom adopted through a considerable period in the payment of money to the secretary by members of the association and borrowers of money therefrom. The fifth section of the by-laws prescribing the duties of the secretary provides, among other things, that "He shall keep accurate accounts with all stockholders, draw and sign all orders drawn on the treasurer for the payment of money, when so ordered by the board of directors. He shall have in charge the seal and all books and papers belonging to the corporation, not appertaining to any other office. He shall be prepared at all times to inform the stockholders of the State of the financial affairs of the corporation, and at the annual meeting of the stockholders shall furnish a detailed statement of the affairs, and perform such other clerical duties as may be required by the board of directors. He shall, immediately after an election, deliver to his successor in office all books and papers under his charge." Section 4, relating to the duties of the treasurer, is in part as follows: "The treasurer shall receive from the secretary all money paid into the corporation, and pay all orders signed by the president and secretary, and drawn by order of the board of directors." No other provision of the law of the association has been brought to our attention regulating the receipt of money in its behalf. Considering the two sections of the by-laws together we think it a legitimate conclusion that they make the secretary the receiver of funds payable to the association and require him to pay over the same to the treasurer and to account to the association for the proper disposition of the same. In the absence of any provision imposing the specific duty on any other officer of receiving payments the reasonable construction of the part of the fourth section above quoted is that the secretary is the person to whom money is to be paid in the first instance and by him to

be turned over to the treasurer. The secretary is perhaps the most active of the officers of the association and the arrangement indicated by the by-laws is a practical and reasonable method of management. That the by-laws were so construed by the association is shown by the testimony offered at the trial from which it appears through the evidence of the treasurer; that the money paid at meetings of the association was received by the secretary and by him paid over to the treasurer; that was the practice at their meetings. The secretary then being a proper party to whom payments due the association were paid, the delivery to the secretary by a debtor of a good check in payment of an obligation on which check the money was actually received by the secretary, was a discharge of liability by the debtor. Having placed the funds in the custody of an officer of the association authorized to receive payments the debtor was not responsible for the proper application of the money by such officer. Having invested him with authority to do business of the character involved in the transaction the association is bound by his act in receiving the money. The learned trial judge seems to have rested the case on the opinion that the secretary had no authority to endorse the name of the association on the check, but, if the payment had been made to him in money such payment would have been good under the by-laws and the usage of the association and the check of the appellants was the means by which the money came into the hands of the secretary for the association. He had the fund, therefore, which should have been paid to the treasurer. The defendant, recognizing the responsibility of his office, took from him a bond for the faithful performance of his duties and thereby undertook to protect itself against such conduct as that set up by way of defense in this action, but the responsibility of the association to the plaintiffs arises from the authority given to the secretary to receive and receipt for money payable to the association: Schutte v. California Building and

Loan Association, 146 Pa. 324; Strong v. Ten Cent Tutor Building and Loan Association, 189 Pa. 406; Mohrfeld v. Second German, Etc., Building and Loan Association, 194 Pa. 488; Louchheim v. Somerset Building and Loan Association, 211 Pa. 499, and other cases to which it is not necessary to refer are authority for the conclusion that under the undisputed evidence in the case the plaintiffs were entitled to the verdict on the issue of fact and the plaintiffs' second point should have been affirmed. The judgment is, therefore, reversed and the record remitted to the court below, with direction to enter an order on the petition in accordance with this opinion. The cost to be paid by appellee.